UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHWIND RISK RETENTION
GROUP,

    Plaintiff,

v.                                                     Case No.: 8:25-cv-163-KKM-LSG

SOD OF CENTRAL FLORIDA, INC.,
ROBERT ADAMS, AND
DMYTRO HRYHORASH,

    Defendants.
_____/

**ORDER**

The plaintiff Southwind Risk Retention Group moves, Doc. 44, under Rule 55(b), Federal Rules of Civil Procedure for a default judgment against the defendants Sod of Central Florida, Inc., Robert Adams, and Dmytro Hryhorash. Because the plaintiff fails to allege facts supporting subject matter jurisdiction, the motion is denied without prejudice.

    **I.    BACKGROUND**

Southwind Risk Retention Group seeks a judgment declaring that Southwind has no duty to defend and indemnify Sod of Central Florida and Adams against claims by Dmytro Hyrhorash arising from a 2024 automobile accident. Docs. 1, 44 at 2. Southwind issued a commercial automobile insurance policy, effective from March 15, 2024, to March 25, 2025, to Sod of Central Florida. Doc. 1 at ¶ 15. On

March 22, 2024, Adams and Hyrhorash were in an automobile accident. Doc. 1 at ¶ 9. At the time of the accident, Adams was operating a 1998 Peterbilt with vehicle identification number 1XPCDR9XXWN477311, which Sod of Central Florida owns. Docs. 1 at ¶ 4, 1-2 at ¶ 10, 44 at 6. As a result of the accident, Hyrhorash sued Sod of Central Florida and Adams in state court, Doc. 1-1, and claimed damages for Adams' negligence and Sod of Central Florida's vicarious liability. Doc. 44 at 6.

Southwind's insurance policy for Sod of Central Florida provides liability coverage for property damage, bodily injury, and other claims "arising out of the ownership, maintenance or use" of vehicles identified in the policy's declaration. Docs. 1-2 at 16, 44 at 2–5. The policy covers "scheduled drivers" and provides no coverage for "any claim arising from an 'accident' or 'loss' involving a motorized vehicle being operated by an unscheduled driver." Docs. 1-2 at 55–56, 44 at 2–5. Sod of Central Florida identified one vehicle in the policy declaration, a Volvo truck with the vehicle identification number 4V4MC9RF72N325937. Doc. 1-2 at 6. Sod of Central Florida identified one "scheduled driver" named Josue Villanueva Lopez. Doc. 1-2 at 70.

Southwind claims that the accident falls outside the policy at issue. First, Southwind argues that Adams was an unscheduled driver. Doc. 1 at ¶¶ 23–25. Second, Southwind argues that the vehicle involved in the accident was an unscheduled vehicle. Doc. 1 at ¶¶ 26–29. Finally, Southwind argues that the policy's non-trucker liability exclusion endorsement applies because Adams was not

2

operating "under the dispatch" of Sod of Central Florida and was not "hauling cargo." Doc. 1 at ¶¶ 31–34.

Southwind served the defendants Hyrhorash and Sod of Central Florida on January 27, 2025, and January 30, 2025, respectively. Docs. 6, 7. After an unsuccessful attempt to serve defendant Adams, Doc. 16, Southwind moved to serve Adams by publication, which I permitted on March 20, 2025. Docs. 17, 23. Southwind submitted proof of service by publication for Adams on April 28, 2025. Doc. 27. All three defendants failed to appear timely or otherwise defend. Accordingly, the Clerk entered a default for each defendant, and Southwind moved for a default judgment. Docs. 18–21, 22, 30, 31.[1] On December 4, 2025, Southwind filed an amended motion to default, Doc. 44.[2]

## II.   LEGAL STANDARD

Rule 55, Federal Rules of Civil Procedure, permits a judgment by default if a defendant fails to plead or otherwise defend. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). By defaulting, a defendant admits the plaintiff's well-pleaded factual allegations. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d

---

[1] On September 4, 2025, the defendant Dymtro Hryhorash appeared and moved to vacate default judgment. Docs. 32, 34. I denied that motion without prejudice for failure to comply with Local Rules 3.01(a) and 3.01(g). Doc. 39. Hryhorash filed an answer to Southwind's complaint on September 4, 2025. Doc. 38. Hryhorash filed a second motion to vacate default judgment on September 8, 2025. Doc. 40. The District Judge denied Hryhorash's motion without prejudice for failure to comply with Local Rule 3.01(a). Doc. 41. On September 25, 2025, Southwind filed a motion to strike Hryhorash's answer, which remains pending. Doc. 42.

[2] Southwind's amended motion for default judgment contains the same arguments in the initial motion for default judgment, Doc. 31, but explains that Hryhorash's answer does not affect its request for default because the case remains in default based on the Court's orders. Docs. 39, 41, 44 at 8–9.

1267, 1278 (11th Cir. 2005). However, a plaintiff "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. (quotation omitted). If a sufficient factual basis exists for the judgment, a default judgment is warranted. *Id*.; *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *2 (11th Cir. July 30, 2021) ("Entry of default judgment is warranted only when there is 'a sufficient basis in the pleadings for the judgment entered.'" (quotation omitted)).

A default judgment requires two steps. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Once the clerk enters a default, the plaintiff must move for default judgment. FED. R. CIV. P. 55(b). The standard for obtaining a default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must also invoke the court's jurisdiction over the claims and the parties. FED. R. CIV. P. 12(b)(1), (2); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### III. DISCUSSION

A federal court must "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S.

500, 514 (2006); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts have original jurisdiction over civil actions in which diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity exists if "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). The plaintiff bears the burden of showing complete diversity. *Underwriters at Lloyds, London v. Osting-Schwinn*, 613 F.3d 1079, 1095 (11th Cir. 2010).

According to the complaint, the plaintiff is a foreign corporation incorporated and domiciled in the state of North Carolina. Doc. 1 at ¶ 3. Under Section 1332, a corporation is a citizen of the state of incorporation and the principal place of business. 28 U.S.C. 1332(c). The defendants are a Florida corporation and Florida citizens. Doc. 1 at ¶¶ 4–6. Therefore, complete diversity exists among the parties. *See Travaglio*, 735 F.3d at 1268.

However, the plaintiff must allege facts showing that the claim exceeds $75,000, exclusive of interest and costs. *See Morrison v. Allstate Indem. Co., et al.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (finding insufficient the mere allegation, without more, that a claim exceeds the $75,000 threshold under 28 U.S.C. § 1332). When an insurer seeks a declaratory judgment on the duty to defend or indemnify an insured, the amount in controversy hinges on the "value of the object of the litigation" from the plaintiff's perspective, meaning the insurer's potential liability and costs. *First*

5

*Mercury Ins. Co. v. Excellent Computing Distrib., Inc.*, 648 Fed. App'x 861, 864–65 (11th Cir. 2016) (citing *Morrison*, 228 F.3d at 1268). Whether an insurer adequately alleges the amount in controversy requires examining "'(1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit.'" *Am. Builders Ins. Co. RRG, Inc. v. Carrollton Premiere Roofing, Inc.*, No. 8:22-cv-2959-VMC-CPT, 2025 WL 1994539, at *4 (M.D. Fla. Jul. 2, 2025) (citing *Accident Ins. Co. v. DWF Installations, Inc.*, No: 6:24-cv-487-WWB-DCI, 2025 WL 807446, at *2 (M.D. Fla. Mar. 13, 2025)).

    Here, the limit of Southwind's insurance policy for the defendant Sod of Central Florida is $300,000. Doc. 1-2 at 5. Although this limit exceeds the jurisdictional threshold, Southwind provides only the conclusory allegation that Hryhorash seeks more than $75,000 in damages exclusive of attorney's fees and interests from Sod of Central Florida. Docs. 1 at ¶ 11, 44 at 6. Southwind attaches the underlying state court complaint, but that pleading alleges only that the action is for damages "that exceed[] the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees" with "$50,001" listed as the estimated amount for the claim. Doc. 1-1 at 2. Southwind provides no additional information about the amount in controversy or the underlying state court action.

    Although "a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional threshold, . . . a high policy limit does not establish a large amount in controversy for the simple

6

reason that the underlying plaintiff's claim may be for far less than the policy limit." *Obsidian Specialty Ins. Co. v. Southeast Restoration Grp., Inc.*, No: 6:24-cv-2255-PGB-LHP, 2025 WL 1707194, at *2 (M.D. Fla. Jun. 18, 2025) (quoting *Southern-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, No. 3:18-cv-1305-J-32MCR, 2019 WL 2929715, at *2 (M.D. Fla. Jul. 8, 2019). A "bare-bones, conclusory, and, as such, deficient" allegation as to the amount in controversy does not satisfy the jurisdictional requirement under Section 1332(a). *Id.* (quoting *AIX Specialty Ins. Co. v. Gong Invs., LLC*, No. 6:21-cv-1886-ACC-DCI, 2022 WL 22902249, at *2 (M.D. Fla. May 10, 2022)). Southwind's failure to offer more than the conclusory assertion that its claim for declaratory relief exceeds the threshold amount in controversy fails to satisfy the jurisdictional requirements of Section 1332(a). Therefore, Southwind fails to establish that this Court has subject-matter jurisdiction over its claims. *See Federated Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 808–09 (11th Cir. 2003).

## IV. CONCLUSION

Accordingly, the plaintiff's amended motion for default judgment, Doc. 44, is **DENIED WITHOUT PREJUDICE**, and the earlier motion for a default judgment, Doc. 31, is **DENIED AS MOOT**. No later than twenty-one days from the day of this order, the plaintiff may file a renewed motion for a default judgment that establishes, with supporting evidence, that the Court has subject matter jurisdiction over this case. The renewed motion may not incorporate by reference an earlier motion. *See*

L.R. 3.01(h). Failure to file a renewed motion timely may result in a recommendation of dismissal without further notice.

**ORDERED** in Tampa, Florida on this 5th day of December, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge