**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SOUTHWIND RISK RETENTION
GROUP,

      Plaintiff,

v.                                    Case No.: 8:25-cv-163-KKM-LSG

SOD OF CENTRAL FLORIDA, INC.,
ROBERT ADAMS, AND
DMYTRO HRYHORASH,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

The plaintiff Southwind Risk Retention Group moves, Doc. 46, under Rule 55(b), Federal Rules of Civil Procedure, for a default judgment against the defendants Sod of Central Florida, Inc., Robert Adams, and Dmytro Hryhorash. Because the plaintiff fails to allege sufficient facts supporting the amount in controversy, I recommend denying the motion and dismissing the complaint without prejudice for lack of subject matter jurisdiction.

## I.     BACKGROUND

Southwind Risk Retention Group seeks a judgment declaring that Southwind has no duty to defend or indemnify Sod of Central Florida and Adams against claims by Dmytro Hyrhorash arising from a 2024 car accident. Docs. 1; 46 at 1–2. Southwind issued a commercial automobile insurance policy, effective from March

15, 2024, to March 25, 2025, to Sod of Central Florida. Doc. 1 at ¶ 15. On March 22, 2024, Adams and Hyrhorash were involved in an automobile accident. Doc. 1 at ¶ 9. Adams was driving a 1998 Peterbilt with vehicle identification number 1XPCDR9XXWN477311 and owned by Sod of Central Florida. Docs. 1 at ¶ 4; 1-2 at ¶ 10; 46 at 6. As a result of the accident, Hyrhorash sued Sod of Central Florida and Adams in state court, Doc. 1-1, and claimed damages for Adams' negligence and Sod of Central Florida's vicarious liability. Doc. 46 at 6.

Southwind's insurance policy provides liability coverage to Sod of Central Florida for property damage, bodily injury, and other claims "arising out of the ownership, maintenance or use" of vehicles identified in the policy's declaration. Docs. 1-2 at 16; 46 at 2–6. The policy covers "scheduled drivers" and provides no coverage for "any claim arising from an 'accident' or 'loss' involving a motorized vehicle being operated by an unscheduled driver." Docs. 1-2 at 55–56; 44 at 2–6. Sod of Central Florida identified one vehicle in the policy declaration, a Volvo truck with the vehicle identification number 4V4MC9RF72N325937. Doc. 1-2 at 6. Sod of Central Florida identified one "scheduled driver" named Josue Villanueva Lopez. Doc. 1-2 at 70.

Southwind claims that the accident falls outside the policy's coverage because Adams was an unscheduled driver. Docs. 1 at ¶¶ 23–25; 46 at 11–13. Southwind argues further that the 1998 Peterbilt was an unscheduled vehicle. Docs. 1 at ¶¶ 26–29; 46 at 13–16. Finally, Southwind argues that the policy's non-trucker liability exclusion endorsement applies because Adams was not operating "under the

2

dispatch" of Sod of Central Florida and was not "hauling cargo." Docs. 1 at ¶¶ 31–34; 46 at 16–17.

Southwind served the defendants Hyrhorash and Sod of Central Florida on January 27, 2025, and January 30, 2025. Docs. 6; 7. After an unsuccessful attempt to serve Adams, Doc. 16, Southwind moved to serve Adams by publication, which I permitted. Docs. 17; 23. Southwind filed proof of service by publication for Adams on April 28, 2025. Doc. 27. All three defendants failed to appear timely or otherwise defend. Accordingly, the Clerk entered a default against each defendant, and Southwind moved for a default judgment. Docs. 18–21; 22; 30; 31.[1]

On December 4, 2025, Southwind filed an amended motion for default, Doc. 44.[2] The amended motion failed to show that Southwind's claim satisfied the amount in controversy requirement for subject matter jurisdiction, and the complaint contained only a conclusory allegation. Doc. 44. Accordingly, I denied the amended motion without prejudice and permitted Southwind to file a second amended motion to cure that deficiency. Doc. 45. Southwind files a second amended motion for default. Doc. 46. The motion includes the same argument as Southwind's previous

---

[1] On September 4, 2025, the defendant Dymtro Hryhorash appeared and moved to vacate the default. Docs. 32; 34. I denied that motion without prejudice for failure to comply with Local Rules 3.01(a) and 3.01(g). Doc. 39. Hryhorash filed an answer to Southwind's complaint on September 4, 2025. Doc. 38. Hryhorash filed a second motion to vacate the default on September 8, 2025. Doc. 40. The presiding district judge denied Hryhorash's motion without prejudice for failure to comply with Local Rule 3.01(a). Doc. 41. On September 25, 2025, Southwind moved to strike Hryhorash's answer, which remains pending. Doc. 42.

[2] Southwind's first amended motion for default judgment contains the same argument as the initial motion for default judgment, Doc. 31, but explains that Hryhorash's answer is ineffective because the defendant remains in default. Docs. 39; 41; 44 at 8–9.

two motions but includes a footnote offering to submit a copy of a demand letter sent by counsel for Hyrhorash before he sued in state court. Doc. 46 at 17 n.3. The motion also includes the declaration of Southwind's "third party administrator," who reviewed Hyrhorash's claim. Doc. 46-1. I ordered Southwind to provide a copy of that pre-suit demand letter, Doc. 47, and Southwind filed a heavily redacted copy on December 12, 2025. Doc. 48. I then ordered Southwind to provide an unredacted copy for *in camera* review, which Southwind sent on December 30, 2025. Doc. 49.

## II.   DISCUSSION

### A. Applicable law

Rule 55, Federal Rules of Civil Procedure, permits a judgment by default if a defendant fails to plead or otherwise defend. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). By defaulting, a defendant admits the plaintiff's well-pleaded factual allegations. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A default judgment is warranted if a sufficient factual basis exists for the judgment. *Id.*; *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *2 (11th Cir. July 30, 2021).

Once the clerk enters a default, the plaintiff must move for a default judgment. FED. R. CIV. P. 55(b). To obtain a default judgment, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must also invoke the

4

court's jurisdiction over the claims and the parties. FED. R. CIV. P. 12(b)(1), (2); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A federal court must "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* FED. R. CIV. P. 12(h)(3). A federal court has original jurisdiction over a civil action in which diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Complete diversity exists if "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). The plaintiff bears the burden of showing complete diversity. *Underwriters at Lloyds, London v. Osting-Schwinn*, 613 F.3d 1079, 1095 (11th Cir. 2010).

The plaintiff must also allege facts showing that the claim exceeds $75,000, exclusive of interest and costs. *See Morrison v. Allstate Indem. Co., et al.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (finding insufficient the mere allegation, without more, that a claim exceeds the $75,000 threshold under 28 U.S.C. § 1332). When an insurer seeks a declaratory judgment on the duty to defend or indemnify an insured, the amount in controversy hinges on the "value of the object of the litigation" from the plaintiff's perspective, meaning the insurer's potential liability and costs. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *First Mercury Ins. Co. v. Excellent Computing Distrib., Inc.*, 648 Fed. App'x 861, 864–65 (11th Cir. 2016) (citing *Morrison*, 228 F.3d at 1268). Whether an insurer adequately alleges the amount in controversy requires examining "'(1) the coverage limits under the insurance policy; (2) the

amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit.'" *Am. Builders Ins. Co. RRG, Inc. v. Carrollton Premiere Roofing, Inc.*, No. 8:22-cv-2959-VMC-CPT, 2025 WL 1994539, at *4 (M.D. Fla. Jul. 2, 2025) (citing *Accident Ins. Co. v. DWF Installations, Inc.*, No. 6:24-cv-487-WWB-DCI, 2025 WL 807446, at *2 (M.D. Fla. Mar. 13, 2025)).

Although "a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional threshold, . . . a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." *Obsidian Specialty Ins. Co. v. Southeast Restoration Grp., Inc.*, No: 6:24-cv-2255-PGB-LHP, 2025 WL 1707194, at *2 (M.D. Fla. Jun. 18, 2025) (quoting *Southern-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, No. 3:18-cv-1305-J-32MCR, 2019 WL 2929715, at *2 (M.D. Fla. Jul. 8, 2019). A "bare-bones, conclusory, and, as such, deficient" allegation as to the amount in controversy does not satisfy the jurisdictional requirement under Section 1332(a). *Id*. (quoting *AIX Specialty Ins. Co. v. Gong Invs., LLC*, No. 6:21-cv-1886-ACC-DCI, 2022 WL 22902249, at *2 (M.D. Fla. May 10, 2022)).

Here, the complaint shows that the plaintiff is a foreign corporation incorporated and domiciled in North Carolina. Doc. 1 at ¶ 3; *see* 28 U.S.C. 1332(c). The defendants are a Florida corporation and Florida citizens. Doc. 1 at ¶¶ 4–6. Therefore, complete diversity of citizenship exists among the parties. *See Travaglio*, 735 F.3d at 1268. The limit of Southwind's insurance policy for the defendant Sod of

Central Florida is $300,000. Doc. 1-2 at 5. Southwind attaches the state court complaint, but that pleading alleges only that the action is for damages "that exceed[] the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees" with "$50,001" identified as the estimated amount for the claim. Doc. 1-1 at 2.

Although the policy limit exceeds the jurisdictional threshold, Southwind provides only a conclusory allegation that Hryhorash seeks from Sod of Central Florida more than $75,000 in damages, exclusive of attorney's fees and interest. Docs. 1 at ¶ 11; 46 at 6, 17. Southwind provides a pre-suit settlement demand letter, Doc. 48, claiming that Southwind's insured was "at fault" during the March 22, 2024, accident. Doc. 48-1 at 3–4. The letter claims that Hryhorash has "$17,856.00+" in economic damages, $54,720.00 in past pain and suffering, and $3,204,408.00 in future pain and suffering and offers to settle for the $300,000 policy limit. Doc. 48-1 at 6–7. The letter includes twenty-two pages with information about the accident and Hryhorash's injuries.[3] Doc. 48-1 at 15–36.

As explained below, even with the demand letter Southwind fails to establish that the value of the object of the litigation exceeds the jurisdictional amount. *See Am. Builders Ins. Co. RRG, Inc.*, 2025 WL 1994539, at *4.

---

[3] However, most of that information is redacted from the letter that Southwind files on the docket.

### B. The pre-suit demand letter is not an honest assessment of damages and is unpersuasive in the jurisdictional analysis.

A settlement demand is relevant to determining the amount in controversy. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."). However, "settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *Zabic v. Cellco P'ship*, Case No. 8:15-cv-2214-T-33EAJ, 2015 WL 5921851, at *3 (M.D. Fla. Oct. 9, 2015). To aid in determining the amount in controversy, a settlement demand must provide "an honest assessment of damages." *Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998). "Settlement offers are not conclusive proof of the amount in controversy as these offers, particularly pre-suit offers, typically 'reflect puffing and posturing' on the part of the plaintiff." *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1345 (M.D. Fla. 2020) (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. Jul. 31, 2009).

"Indeed, not every demand letter is persuasive in determining the amount in controversy. A demand letter devoid of facts enabling the receiver to evaluate the claim may be considered 'nothing more than mere posturing.'" *Mick v. De Vilbiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849, at *2 (M.D. Fla. Dec. 14, 2010) (citing *Reynolds v. Busch Ent. Corp.*, No. 8:03-cv-288-T-17MSS, 2003 WL 25569730 at *5 (M.D. Fla. June 18, 2003)). A pre-suit settlement demand that "'provide[s] specific information to support the plaintiff's claim for damages suggest

8

the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.'" *Fontanez v. Progressive Express Ins. Co.*, No. 6:20-cv-01548-Orl-78EJK, 2021 WL 8892796, at *2 (M.D. Fla. Mar, 31, 2021) (quoting *Katz v. Southern-Owners Ins. Co.*, No. 8:20-cv-2364-T-24CPT, 2020 WL 6537384, at *2 (M.D. Fla. Nov. 6, 2020)). However, a pre-suit demand letter that includes factual support for medical bills but only speculative amounts for non-economic damages is insufficient to establish subject matter jurisdiction. *See Washington v. Racetrac Petroleum, Inc.*, No: 6:16-cv-334-Orl-28GJK, 2016 WL 2658162, at *3 (M.D. Fla. May 9, 2016).

Here, the demand letter and attachments reveal that Hryhorash experienced back and neck pain after the accident. Doc. 50. The accident occurred on March 22, 2024, but the records show that Hryhorash received no medical treatment until four months later on July 9, 2024. He visited a chiropractor and then received a conservative course of medication and a steroid injection from a physician, all of which amounted to $17,856.00 in medical bills. Neither the demand letter nor the attached medical record describes specific, future medical care required because of the accident. Although the November 5, 2024, letter demands $240 a day for pain and suffering—from the day of the accident through the remaining 36.58 years of Hryhorash's life—the letter contains no factual basis to support this level of non-

9

economic damages.[4] Accordingly, the settlement demand is nothing more than mere puffery. *See Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d at 1345. Because the demand letter lacks substantial facts supporting the value of the state court action, I find the letter unpersuasive. *See Mick*, 2010 WL 5140849, at *2.

### C. Southwind's complaint gives no information about the value of the object of the state court action and is premature.

To establish jurisdiction, an insurer seeking declaratory relief must offer information about the potential cost of providing a defense. *Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *3 (11th Cir. 2023) (citing *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976);[5] *Maxum Indem. Co. v. Shahley*, No. 3:25-cv-435-MMH-MCR, 2025 WL 1208764, at *2 (M.D. Fla. Apr. 25, 2025). The cost of defending the underlying lawsuit is integral in a declaratory judgment action, because "[w]ithout that information, the Court cannot determine whether the amount in controversy in this action exceeds $75,000." *Maxum Indem. Co.*, 2025 WL 1208764, at *2. The value of the underlying claims also contributes to a declaratory action's amount in controversy. However, "[an insurer's] claim that is not ripe fails to present a 'case or controversy' within the meaning of Article III, and the 'ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes.'" *Sullivan*, 2023

---

[4] Even if plausible that Hyrhorash suffered $54,720 in past pain and suffering, that amount together with his economic damages still falls below the jurisdictional amount.

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent decisions of the former Fifth Circuit Court of Appeals decided on or before September 30, 1981).

WL 1521579, at *4 (quoting *Digit. Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). In other words, an unripe claim has no value, and an insurer cannot rely on an unripe claim to establish an amount in controversy. *Id.*; *Cauthen v. Ace Fire Underwriters Ins. Co.*, No: 8:23-cv-2749-CEH-SPF, 2024 WL 4495262, at *3 (M.D. Fla. Jul. 1, 2024).

The Eleventh Circuit recognizes that "a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party." *Sullivan*, 2023 WL 1521579, at *4 (citing *Mid-Continent Cas. Co. v. Delacruz Dry Wall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019); *Am. Fid. & Cas. Co. v. Penn. Threshermen & Famers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)). The "duty to indemnify often cannot be determined at a preliminary stage in the proceedings," *Cauthen*, 2024 WL 4495262, at *3, because an insurer's liabilities "are contingent and may never materialize" absent an adverse judgment, *Sullivan*, 2023 WL 1521579, at *4 (quoting *Allstate Ins. Co. v. Emps. Liab. Assurance Co.*, 445 F.2d 1278, 1281 (5th Cir. 1971)).

Southwind provides no information in either the complaint or the motion for default judgment about the potential cost of defending the state court action. Southwind likewise fails to show that the indemnity claim is ripe. Southwind's complaint and motion offer no information suggesting that the state court action has resulted in an adverse judgment against Sod of Central Florida. In fact, review of the

11

state court docket reveals that Hyrhorash's lawsuit remains pending.[6]

Because Southwind provides no information about the potential cost of defending the state court action, I cannot ascertain the value of a declaration that Southwind is not obligated to provide a defense. *See Progressive Express Ins. Co. v. Gardner*, No. 3:25-cv-361-MMH-MCR, 2025 WL 1114632, at *2 (M.D. Fla. Apr. 15, 2025). Without knowing that value, I cannot determine whether the amount in controversy in this action exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1); *Sullivan*, 2023 WL 1521579, at *4. Further, because the state court action remains pending, Southwind's request for a declaration on its duty to indemnify Sod of Central Florida is unripe and, therefore, of no value for the purpose of the jurisdictional threshold. *See Sullivan*, 2023 WL 1521579, at *4; *Cauthen*, 2024 WL 4495262, at *3. Ultimately, Southwind fails to establish that its claim satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a). *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (holding that federal courts have an "independent obligation to ensure that they do not exceed the scope of their jurisdiction.").

---

[6] Case Detail for case 2024CA004724000000, CLERK OF COURTS AND COMPTROLLER POLK COUNTY, FLORIDA, https://pro.polkcountyclerk.net/PRO/PublicSearch/Details/zFyTOTH27-27-MwlPdGV60cCVAKDTgJSuLACNUiKqzYrRJZo%3d (last visited Jan. 7, 2026).

## III.    CONCLUSION

Southwind fails to demonstrate that the value of its claim exceeds the jurisdictional amount in controversy. Accordingly, I recommend (1) denying the plaintiff's amended motion for default judgment, Doc. 46; (2) dismissing the complaint, Doc. 1, without prejudice for lack of subject matter jurisdiction, (3) terminating any other pending motions, and (4) closing the case.

**REPORTED** in Tampa, Florida on this 13th day of January, 2026.

 

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.

13