**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SOUTHWIND RISK RETENTION
GROUP,

     Plaintiff,

v.

SOD OF CENTRAL FLORIDA, INC.
et al.,

     Defendants.

_____

Case No. 8:25-cv-163-KKM-LSG

## <u>ORDER</u>

On January 13, 2026, the United States Magistrate Judge entered a Report and Recommendation, recommending that I deny Plaintiff Southwind Risk Retention Group's amended motion for default judgment and close this case. R. & R. (Doc. 51). Southwind timely objects. Objs. (Doc. 52). I adopt the Report and Recommendation over Southwind's objections for the reasons stated below.

This action for declaratory judgment arises from a car crash on March 22, 2024, which injured Dmytro Hryhorash. *See* Compl. ¶¶ 1, 9. After the accident, Hryhorash sued Sod of Central Florida, Inc., and Robert Adams for negligence. *See id.* ¶¶ 9–14. Southwind, which is Sod of Central Florida's insurer, filed this action on January 21, 2025, seeking a declaratory judgment that it does not have a duty to defend or indemnify Sod of Central Florida or

Adams for Hryhorash's claim against them. *Id.* at 10 (Wherefore Clause). All defendants are in default. *See* (Docs. 22, 30).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (per curiam); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

The Magistrate Judge concludes that I lack subject matter jurisdiction over this action because, although there is diversity of citizenship, the amount in controversy does not exceed $75,000. *See* R. & R. at 7, 13. The policy limits exceed the jurisdictional threshold, but the complaint includes "only a conclusory allegation that Hryhorash seeks from Sod of Central Florida more than $75,000 in damages." *Id.* at 7. The Magistrate Judge found Southwind's reliance on a pre-suit demand letter from Hryhorash insufficient because "the settlement demand [was] nothing more than mere puffery." *Id.* at 10. The letter

demanded the $300,000 limits of the insurance policy and included Hryhorash's medical bills to date, which amounted to $17,856. *Id.* at 9; (Doc. 50 at 5–6). The letter and its attachments failed to describe specific, future medical care required because of the accident or to provide any "factual basis to support [the $3,204,408 in] non-economic damages" that it claimed. R. & R. at 9–10; (Doc. 50) at 5–6. Southwind failed to allege specific information regarding the cost of defending the state court action in its complaint, and precedent holds that declaratory judgment actions regarding a duty to indemnify are not ripe until there is an adverse judgment against the insured in the underlying action. *See* R. & R. at 11–12; *see Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)[1]; *Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) (per curiam) ("[I]n this circuit, a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party.").

Southwind objects that the Magistrate Judge erred because it should "be second guessed *only* if it appears to a *legal certainty* that the claim is really for less than the jurisdictional amount." Objs. at 4 (quoting *Fastcase, Inc. v.*

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

3

*Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018)). Under the purportedly correct standard, Southwind believes that it met its burden. *See id.* at 4–5. Southwind omits the next sentence in *Fastcase*, which disposes of this argument: "However, when the plaintiff pleads an unspecified amount of damages, it bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum." *Fastcase*, 907 F.3d at 1342. In the complaint, Southwind did not plead a specific amount of damages. *See* Compl. ¶¶ 2, 11 (stating in conclusory fashion that the damages exceed $75,000). Nor, for that matter, did Hryhorash in the underlying complaint. *See* (Doc. 1-1) ¶ 1.

Southwind also argues that the Magistrate Judge erred by not finding the jurisdictional threshold met because the policy limits are $300,000 and Hryhorash sent a demand for those limits. *See* Objs. at 5–7. Although Southwind identifies a few nonbinding cases where similar demands for policy limits were deemed sufficient, they are distinguishable and unpersuasive. *See id.* For example, in *Witherup v. State Farm Mutual Automobile Insurance Company*, the plaintiffs were the insureds who sought a declaration that their insurance policy, with its $300,000 limits, applied to the accident. *See* No. 3:14-CV-1303-J-32MCR, 2015 WL 419064, at *1–2 (M.D. Fla. Feb. 2, 2015). The court found that the amount in controversy was met because, should the

4

plaintiffs prevail, they would have access to $300,000 in coverage, regardless of whether they ultimately would need that amount. *Id.* at *3. The value of a declaratory judgment action, for amount in controversy purposes, is determined from the plaintiff's perspective. *See Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218–19 (11th Cir. 1997). Here, the plaintiff is the insurer, not the insured. Should it prevail, Southwind will not gain access to $300,000 in coverage or the like, it would merely avoid an undetermined liability. Further, Southwind offers no rebuttal to the Magistrate Judge's point that declaratory judgment actions regarding a duty to indemnify are not ripe at the stage present here. Unripe claims add nothing to amount in controversy calculations. *See Sullivan*, 2023 WL 1521579, at *4.

Should I overrule its objections, Southwind requests leave to amend its complaint because it claims it can allege sufficient damages to meet the amount in controversy requirement. *See* Objs. at 7–9. It lists these damages as $45,574.50 in medical bills for Hryhorash, $10,916.85 in property damage for Hryhorash, and a total of $29,062.65 spent by Southwind on defending the underlying lawsuit. *Id.* at 7. While these exceed $75,000, Southwind again misses that indemnification suits—and thus the damages it would owe to Hryhorash—are not ripe until there is an adverse judgment against its insureds. The money spent on defending the underlying lawsuit, while not

inconsequential, is far from exceeding $75,000, and Southwind makes no argument that these defense costs will increase significantly. To allow Southwind to amend would be futile because it would still fail to allege sufficient damages to meet the amount in controversy threshold. Thus, I deny Southwind's request for leave to amend its complaint. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019).

After reviewing the record and Southwind's arguments, I overrule Southwind's objections to the Magistrate Judge's conclusions. I adopt the Magistrate Judge's Report and Recommendation in full.

Accordingly, the following is **ORDERED:**

1. Southwind's objections to the Magistrate Judge's Report & Recommendation (Doc. 52) are **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation (Doc. 51) is **ADOPTED** and made a part of this Order for all purposes.

3. Southwind's Amended Motion for Default Judgment (Doc. 46) is **DENIED.**

4. Southwind's Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

5. The Clerk is directed to **ENTER JUDGMENT**, which shall read: "This case is dismissed without prejudice."

6

6. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on February 3, 2026.

Kathryn Kimball Mizelle
United States District Judge